CARLOS E. CHARDÓN, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 927.   Argued July 24, 1933.—Decided July 29, 1933.

*Wilson P. Colberg* and *F. Ochoteco, Jr.,* for petitioner.   *C. Coll y Cuchí* for plaintiff in the main action.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

The District Court of San Juan, on rendering judgment in a suit for divorce brought by the wife, awarded her the custody of the children. The wife remarried and thereafter lived in Ponce. Later, the court fixed certain periods during which the father might have his children with him in Ponce and certain other periods of longer duration during which he might have them with him at his home in Río Piedras. At or near the end of one of these visits, the father moved in the District Court of San Juan for an order authorizing the temporary hospitalization of the children in San Juan or Río Piedras. In this motion he set forth: that the children, then six and a half years old, had appeared to be ill; that he had immediately placed them under medical treatment; that the physicians in charge had found them to be undernourished and suffering from an infantil type of active, chronic, bilateral, pulmonary tuberculosis, without appetite, constipated and with fungi on the scalp; that a bacteriological examination had also disclosed the existence of pus in the urine, and the deficiency of hemoglobine and red corpuscles in the blood, and other ailments; that these conditions had been caused by and were exclusively due to the negligence of the mother in the care of these children and to the want of cleanliness and proper nourishment; that the physicians had recommended and ordered an immediate hospitalization of the children in some clinic or sanatorium for tubercular patients in order that they might continue under the treatment and medical care of specialists in pulmonary diseases; that such hospitalization should be effected in San Juan or Río Piedras because in Ponce there were no proper hospitals or sanatoriums for the treatment of diseases of this kind; that the children, at the time of the motion, were being attended at the home of the father by two specialists in tuberculosis, naming them; that the physicians were of

the opinion that a prolongation of the condition of malnutrition and a return of the children to the regimen to which they had been previously subjected would aggravate the pulmonary affection to such an extent as to result in death within a short time; and that the welfare, health, and happiness of these children demanded that they be immediately placed in a clinic or sanatorium for tubercular patients in order that they might continue under the care of the said specialists.

The prayer was for an order to be made after a hearing preceded by due notice to the plaintiff directing the immediate hospitalization of the children in a clinic for the treatment of tuberculosis within the jurisdiction of the District Court of San Juan without prejudice to the continuance of plaintiff's family relations with her children and without prejudice to her enjoyment and exercise of the *patria potestas,* so far as not in conflict with such hospitalization.

Three days after the filing of this motion the district court, without the formality of a hearing, overruled it; because, in the opinion of the district judge, whatever the physical condition of the children might be, there could be no justification for hospitalization in the judicial district of San Juan inasmuch as the mother, who had remarried and was living in the district of Ponce, had the *patria potestas* and the children were in her care, and to grant the motion would practically deprive her of such *patria potestas* and custody; because, "in this proceeding", the court was without jurisdiction to entertain the said motion, which would practically deprive the mother of her *patria potestas,* inasmuch as the disease from which the children were alleged to be suffering would require a hospitalization for an indefinite period and there was no averment to the effect that there were no clinics nor physicians in Ponce capable of treating the said disease; because the granting of the motion would involve a clear abuse of discretion, inasmuch as it

would prevent the mother from being with her children of tender years during a prolonged, difficult, and complicated period of illness; and because, accepting as true the alleged state of the children's health, no one could give them such careful attention as the mother would.

Obviously the district judge overlooked the statement in the motion that in Ponce there were no proper hospitals or sanatoriums for the treatment of tuberculosis, as well as the further statement that the physical condition of the children had been caused by and was exclusively due to the negligence of the mother in caring for them and to the want of cleanliness and proper nourishment. He seems to have overlooked also the statement likewise made in the motion that, in the opinion of the attending physicians, a return of the children to their previous environment would aggravate the disease and result in death.

The motion was duly sworn to. The prayer was for an opportunity to be heard after due notice to the adverse party and before any decision was reached. So far as any question of fact is concerned, that was a reasonable request and should not have been denied.

In *Babá* v. *Rodríguez,* 36 P.R.R. 453, this court held that a district court, in a *habeas corpus* proceeding, could determine the question of custody upon the basis of the child's happiness and welfare notwithstanding the father's right of *patria potestas.* We said: "There is nothing in any code in Puerto Rico that prevents such a determination. A court is a *parens patria* and can look out for the interests of a child and protect it." There the argument was that a parent could be deprived of the *patria potestas* only in an action brought for that purpose. That was practically the only argument made before this court in support of the order now under consideration. No authorities were cited and no memorandum has been filed within the time allowed. That a court, after entering a decree for divorce, retains jurisdiction thereafter to make any necessary or proper orders

concerning the custody of the children or to modify from time to time, according to changing circumstances, such orders previously made is not now open to question in other American jurisdictions and does not appear to have been heretofore questioned in this court. The existence of such a power was assumed, although no question in regard thereto seems to have been raised, in *Blanco* v. *Hernández,* 32 P.R.R. 20, and in *Ex parte Maldonado,* 42 P.R.R. 832. In the *Blanco* case where the mother, plaintiff in a divorce suit, had been awarded the custody of the child and the father had appealed from a judgment which took the child from his possession by a writ of *habeas corpus* and restored it to the custody of the mother, we said that: "The appellant had no right to take the law in his own hands, but should have made due application to the court for the custody of the child if circumstances had arisen which changed the conditions at the time of the divorce decree." In the absence of any cogent reason for a different conclusion we hold that here, as elsewhere, the district court may, on motion made after judgment in a suit for divorce, make any order concerning the custody of children that might be made in an independent action brought for that purpose.

It is now well settled in this jurisdiction that the parental *patria potestas* is subject always to the exercise by the courts of the power of *parens patriae* and that the controlling factor in the exercise of that power is the welfare of the child or children. See *Ex parte Maldonado, supra,* and cases cited.

Petitioner should have been given an opportunity to establish the facts set forth in his motion and, upon full proof thereof, would have been entitled to some such relief as that for which he prayed.

The ruling appealed from must be reversed and the case remanded for further proceedings not inconsistent herewith.

Mr. Justice Aldrey concurs in the result.